IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
JEFFREY S. HADLEY,              )
                                )
                                )
                 Plaintiff,     )    No. CV-00-1433-HU
                                )
        v.                      )
                                )
WAL-MART STORES, INC.           )    JURY INSTRUCTIONS
                                )
                 Defendant.     )
_____)
```

General Instructions . . . . . . . . . . . . . . . . . . . . 4

Instructions on your Duties . . . . . . . . . . . . . . . . 5

Evaluation of the Evidence . . . . . . . . . . . . . . . . 6

      Burden of Proof . . . . . . . . . . . . . . . . . . . 7

      Preponderance of the Evidence . . . . . . . . . . . . 8

      What is Evidence . . . . . . . . . . . . . . . . . . . 9

      Direct and Circumstantial Evidence . . . . . . . . . 12

      Inferences . . . . . . . . . . . . . . . . . . . . . 13

      Evaluation of the Evidence . . . . . . . . . . . . . 14

      Hypothetical Questions . . . . . . . . . . . . . . . 16

      Weight of the Evidence . . . . . . . . . . . . . . . 17

      Oral Admissions . . . . . . . . . . . . . . . . . . 18

      Equal Standing . . . . . . . . . . . . . . . . . . . 19

Rules of Law Applicable to the Case . . . . . . . . . . . 20

      Description of Claims and Defenses . . . . . . . . . 21

      Retaliation . . . . . . . . . . . . . . . . . . . . 22

      Adverse Employment Action Defined . . . . . . . . . 23

      Liability of Corporation . . . . . . . . . . . . . . 24

Damages . . . . . . . . . . . . . . . . . . . . . . . . . 25

      Damages - Preliminary Instruction . . . . . . . . . 26

      Damages - Noneconomic . . . . . . . . . . . . . . . 27

      Damages - Economic . . . . . . . . . . . . . . . . . 28

      Damages - Mitigation . . . . . . . . . . . . . . . . 29

      Nominal Damages . . . . . . . . . . . . . . . . . . 30

Punitive Damages . . . . . . . . . . . . . . . . . . . 31

Deliberations . . . . . . . . . . . . . . . . . . . . . 32

3 - JURY INSTRUCTIONS

**General Instructions**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. These instructions will be in five parts; first, the instructions on general rules that define and control the jury's duties; second, the instructions on how to evaluate the evidence and find the facts; third, the instructions that state the rules of law you must apply to plaintiff's claims and defendant's defenses; fourth, instructions about damages and finally, some rules regarding your deliberations.

**THE COURT HAS PREPARED WRITTEN INSTRUCTIONS FOR YOUR USE. WHEN YOU USE THESE WRITTEN INSTRUCTIONS, DO NOT PLACE UNDUE EMPHASIS ON ANY PARTICULAR INSTRUCTION, BUT RATHER CONSIDER THE INSTRUCTIONS AS A WHOLE. THE TITLES TO THE INSTRUCTIONS ARE NOT THE LAW. THEY ARE PROVIDED SOLELY FOR YOUR CONVENIENCE IN LOCATING A TOPIC DURING YOUR DELIBERATIONS.**

**Instructions on your Duties**

It is your duty to find the facts from all the evidence in the case.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by your own likes or dislikes, opinions, prejudices, sympathy or public opinion.  They have no place in your deliberations, for all parties are equal before the law.  Likewise, do not decide this case on guess work, conjecture, or speculation.

This means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  And you must not read into these instructions or into anything I may have said or done during the trial, any suggestion as to what verdict you should return--that is a matter entirely for you to decide.

You may use your notes taken during the trial to assist your memory.  Notes, however, should not be a substitute for your memory and you should not be overly influenced by them.  Keep in mind that each party is entitled to the considered decision of each juror.  Therefore you should not give undue weight to another juror's notes if those notes conflict with your recollection of the evidence.

**Evaluation of the Evidence**

This section of the instructions is to assist you in evaluating the evidence and finding the facts.

**Burden of Proof**

If, during these instructions, I tell you that a party has the burden of proving a claim or a defense by a preponderance of the evidence, that means that a party has to produce evidence which, considered in the light of all the facts, leads you to believe that what that party claims is more likely true than not. A party has the burden of proving by a preponderance of the evidence any claim made by that party. In the absence of such proof, the party cannot prevail on that issue.

**Preponderance of the Evidence**

The term "preponderance of the evidence" means the greater weight of evidence.  It is evidence that, when weighed with that opposed to it, has more convincing force and is more probably true and accurate.  If, on any question in the case the evidence appears to be equally balanced, or if you cannot say on which side it weighs heavier, you must resolve that question against the party on whom the burden of proof rests.

8 - JURY INSTRUCTIONS

**What is Evidence**

The evidence from which you are to decide what the facts are consists of:

(1)    the sworn testimony of witnesses, both on direct and cross-examination, including testimony in depositions, regardless of who called the witness;

(2)    the exhibits which have been received into evidence;

(3)    any facts to which all the lawyers have agreed by stipulation.

The parties have agreed to the following facts:

1.   On November 5, 1997, plaintiff began working as a cashier at the Wal-Mart in North Salem, Oregon.  At that time, plaintiff stated that he could perform the essential functions of the job of cashier, people greeter, sales floor, stocking, receiving, and maintenance without accommodation.

2.   On May 22, 1999, plaintiff went to the emergency room at the VA.  The VA physician wrote a Work/School excuse which read "[p]atient reports problems with concentration while operating cash register.  May not perform optimally at this task."

3.   On June 25, 1999, plaintiff's primary job code was changed from cashier to sales associate.

4.   On September 8, 1999, plaintiff obtained a note from Dr. Grewenow at the VA, written on a prescription form, not addressed to anyone in particular, which stated as follows:  "Mr. Hadley

notes symptoms of nausea and feeling overheated when he works the cash register.  A firm diagnosis has net yet been established.  He should not work the cash register until a firm diagnosis has been established within three months."

5.  Plaintiff was subsequently moved from the cash register to a position as stockman on the night shift.

Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said or written in their opening statements or in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, if testimony or exhibits have been received only for a limited purpose,

you must follow the limiting instructions I have given,
and consider it only for the limited purpose.

(4)    Anything you may have seen or heard when the court was
not in session is not evidence.  You are to decide the
case solely on the evidence received at trial.

**Direct and Circumstantial Evidence**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of a witness about what the witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You should consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

**Inferences**

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the bald statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

**Evaluation of the Evidence**

In deciding what the facts are, you must consider all the evidence.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  In making that decision, you may take into account a number of factors including the following:

1.  Was the witness able to see, or hear, or know the things about which that witness testified?

2.  How well was the witness able to recall and describe those things?

3.  What was the witness's manner while testifying?

4.  Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

5.  How reasonable was the witness's testimony considering all the evidence in the case?

6.  Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things.  You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has

14 - JURY INSTRUCTIONS

to do with an important fact or with only a small detail.

If you find that any person has intentionally given false testimony in some part, you should distrust the rest of that person's testimony.

**Hypothetical Questions**

Hypothetical questions have been asked. A hypothetical question asks a witness to assume that certain facts are true, and then to give an answer based on those assumed facts.

If you find that any of the facts assumed and relied upon by a witness when answering the question were not established by the evidence or were untrue, you must disregard that answer.

**Weight of the Evidence**

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other.  The testimony of any witness you believe is sufficient to prove any fact in dispute.  You are not simply to count witnesses, but rather you are to weigh the evidence.  In considering all the evidence, you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other.

**Oral Admissions**

Statements made by the plaintiff or the defendant that are unfavorable to that party are called oral admissions. A witness's testimony about such statements is to be viewed with caution. In evaluating testimony about an oral admission, you should consider two things:

(1) Whether the statement was clearly and understandably made by the plaintiff or the defendant; and

(2) Whether the language is correctly remembered and accurately reported by the witness.

**Equal Standing**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law, and are to be dealt with as equals in a court of justice.  A corporation is entitled to the same fair trial at your hands as a private individual.

**Rules of Law Applicable to the Case**

The following section discusses the law that applies to plaintiff's claims and defendant's defenses.

**Description of Claims and Defenses**

This is a civil case in which plaintiff Jeffrey Hadley seeks damages against the defendant, Wal-Mart Stores, Inc., for unlawful retaliation against him under the Americans with Disabilities Act, which I will refer to as the ADA.

The defendant denies that it retaliated against plaintiff. Defendant asserts that it followed the disability discrimination laws and that it terminated plaintiff because of plaintiff's own misconduct. Defendant further asserts that plaintiff has failed to mitigate his damages.

I have withdrawn from your consideration the following claims:

(1) disability discrimination under the ADA; and

(2) failure to accommodate a disability under the ADA.

These claims are out of the case for all purposes and you are not to concern yourselves with why the court has withdrawn them.

**Retaliation**

It is unlawful for a person or entity to discriminate against any individual because that individual has opposed any act or practice that he or she reasonably believes to be unlawful under the ADA or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA.

The plaintiff does not have to prove that he is disabled under the ADA to establish a retaliation claim.

For the plaintiff to establish retaliation in violation of the ADA, the plaintiff must prove the following elements by a preponderance of evidence:

1.    the plaintiff engaged in conduct protected under the ADA;

2.    the plaintiff was subjected to an adverse employment action at the time, or after, the protected conduct occurred; and

3.    the plaintiff's protected activity was an important or material motivating factor in the adverse employment action.  It is not necessary for the plaintiff to prove that the plaintiff's protected activity was the sole or exclusive reason for the defendant's decision.

**Adverse Employment Action Defined**

"Adverse employment action" means any adverse treatment that is reasonably likely to deter employees from engaging in protected activity.

**Liability of Corporation**

Under the law, a corporation is considered to be a person. It can act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**Damages**

The following sections will explain the law of damages.

**Damages - Preliminary Instruction**

If you find from the evidence and the instructions that the plaintiff is entitled to prevail, then it becomes your duty to decide whether the plaintiff has been damaged and, if so, the amount of his damages.

In deciding the amount of any such damages, you must determine each of the items of the plaintiff's damages that I am now about to mention, provided you find the damages to have been sustained by him as a result of the defendant's actions.  The plaintiff must prove each item of damage by a preponderance of the evidence.

The mere fact that I am instructing you with regard to the measure of damages is not to be considered by you as an attempt by the court to suggest or indicate that you should or should not award damages.

There are four types of damages that you are to consider in this case, noneconomic damages, economic damages, nominal damages, and punitive damages, which I will now explain to you.

**Damages - Noneconomic**

If you find that plaintiff is entitled to damages, you will first determine the amount of noneconomic damages that plaintiff has suffered that have been caused by defendant.

The law does not furnish you with any fixed standard by which to measure the exact amount of noneconomic damages. The law does require that all compensation allowed be reasonable. You must apply your own considered judgment to determine the amount. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

In determining the amount of noneconomic damages, if any, consider all the past mental pain and suffering, if any, that you determine plaintiff has suffered as a result of defendant's conduct that you find has occurred up to the present time. Then consider all future mental pain and suffering, if any, that you find it is reasonably probable plaintiff will suffer in the future as a result of defendant's conduct.

**Damages - Economic**

Economic damages are the objectively verifiable monetary losses that the plaintiff has incurred or will probably incur.

You may award as actual damages an amount that reasonably compensates the plaintiff for any past lost wages from the date of plaintiff's termination to the present.

**Damages - Mitigation**

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce the damages.  To establish that plaintiff failed to mitigate his damages, defendant has the burden of proving by a preponderance of the evidence that plaintiff failed to take reasonable steps to reduce his alleged losses by seeking and finding comparable employment.  Defendant, must also prove the amount by which the damages would have been mitigated.

**Nominal Damages**

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff, but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**Punitive Damages**

If you find for plaintiff, and if you award noneconomic or nominal damages, you may, but are not required to, award punitive damages against defendant.  The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

Plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence.  You may award punitive damages only if you find that defendant's actions were taken with knowledge that they violated federal law.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes, but should not reflect bias, prejudice or sympathy toward any party.   In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

**Deliberations**

Upon returning to the jury room, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court. The presiding juror presides over the deliberations and votes, but has no greater weight or voice than any other juror.   After selecting your presiding juror, deliberate until you reach your verdict.   Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.   But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.   Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

A special verdict form has been prepared for your convenience. You will take this form into the jury room.

(Special Verdict Form is read)

You will note that there are questions.   The answer to each

32 - JURY INSTRUCTIONS

question must be the unanimous answer of the jury.  Your presiding juror will write the unanimous answer of the jury in the spaces provided opposite each question.  All jurors should participate in all deliberations and vote on each question.

The presiding juror will then date and sign the special verdict form as completed and you will advise the bailiff outside your door that you are ready to return to the courtroom. Court will then be reconvened and your verdict will be received.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  Nothing that I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing.  Until you have reached your verdict, I will only communicate with jury members on anything concerning the case either in writing, or orally here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached

a unanimous verdict or have been discharged.